IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                          RESPONDENT

V.                    CASE NO. 1:11-CR-10024-001
                      CASE NO. 1:11-CR-10040-002

JETAVON SPIVEY                                                    PETITIONER

# ORDER

Before the Court are Petitioner's Motion to Clarify Judgment and Sentence (ECF No. 23)[1], Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 24), and Motion to Reduce Sentence Pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2) (ECF No. 27).[2] The Court finds these matters ripe for consideration.

## BACKGROUND

On December 9, 2011, Petitioner pleaded guilty to counts one and three of the indictment in Case No. 1:11-CR-10024-001 (hereinafter "count one" and "count three" respectively) and, likewise, pleaded guilty to count six of the superseding indictment filed in Case No. 1:11-CR-10040-002 (hereinafter "count six"). Count one charged Petitioner with violating 18 U.S.C. §§

---

[1] All docket citations will be to Case No. 1:11-CR-10024-001 for the sake of clarity.

[2] The Government has only responded to Petitioner's most recent motion. *See* ECF No. 28. Petitioner previously filed the same motion in Case No. 1:11-CR-10040-002 (ECF No. 76) on February 27, 2018. Accordingly, the Government's response was filed more than two months after Petitioner filed his Motion to Reduce Sentence Pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2) (ECF No. 27) in Case No. 1:11-CR-10024-001 and over four months after he filed the same motion (ECF No. 76) in Case No. 1:11-CR-10040-002. The Government offers no explanation as to why it waited so long to respond. However, the Court has reviewed the Government's response and finds the Government's arguments unpersuasive. Furthermore, to the extent the Government argues that the Court is without authority to correct the Judgment when considering Petitioner's motions filed pursuant to 18 U.S.C. § 3582(c)(2), the Court notes that it is not considering Petitioner's arguments regarding clerical errors contained in the Judgment in relation to his motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Instead, as shown below, the Court considers Petitioner's arguments pertaining to clerical errors under his Motion to Clarify Judgment and Sentence. The Court simply discusses all three pending motions in this order in the name of judicial economy.

922(j) and 924(a)(2) by knowingly possessing a stolen firearm. Count three charged Petitioner with violating 18 U.S.C. § 924(c)(1)(A) by carrying and use of a firearm in furtherance of a drug trafficking crime. Count six charged Petitioner with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2 by aiding and abetting and possession with intent to distribute crack cocaine. Petitioner was subsequently sentenced to 210 months' imprisonment. ECF No. 19.

## DISCUSSION

The Court will first address Petitioner's Motion to Clarify Judgment and Sentence and then discuss Petitioner's two motions to reduce his sentence.

### I. Motion to Clarify Judgment and Sentence

In his *pro se* Motion to Clarify Judgment and Sentence (ECF No. 23), Petitioner requests that:

> The judgment and sentence [be] clarified to reflect that Count 1 in criminal case number 1:11CR10024-001 and Count 6 in criminal case number 1:11-CR-10040-02 were grouped together and he was sentenced to 150 months on the drug offense, Count 6. In addition, Spivey requests that the judgment and sentence be clarified to reflect that he was sentenced to 60 months consecutive on Count 1 in criminal case number 1:11CR10024-001. For a total of 210 Months Imprisonment, with credit for time already served in Federal Custody.

ECF No. 23, p. 4. The Judgment in question states as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 120 Months on Count 1 in Dkt. No. 1:11CR10024-01, 30 Months on Count 6 in Dkt. No. 1:11CR10040-02 with both Counts to run concurrently. 60 Months on Count 3, in Dkt. No. 1:11CR10024-01 to run consecutively to the other two terms. For a total term of 210 Months Imprisonment, with credit for time already served in Federal custody.

ECF No. 19.

Upon review, it appears that the Judgment at issue contains a clerical error as to counts one and six. Count six carried a mandatory minimum sentence of ten years' imprisonment (ECF No. 18, § 78), accordingly, a sentence of thirty months was not statutorily permitted. Furthermore,

2

upon review of the PSR, the Court's notes, and the transcript of the sentencing hearing, it appears that the Court meant to impose a sentence of 120 months' imprisonment for count one and 150 months' imprisonment for count six, those sentences to run concurrently. This total term of 150 months' imprisonment included an eighteen-month downward variance from the guideline range of 168 to 210 months. Accordingly, the Judgment should be amended to correct the clerical error.

In regard to Petitioner's belief that he was sentenced to "60 months consecutive on Count 1 in criminal case number 1:11CR10024-001," the Court has reviewed the record and finds that this is incorrect. The Judgment correctly reflects that Petitioner was sentenced to sixty months' imprisonment on count three to run consecutively to his other terms of imprisonment.

Accordingly, the Court concludes that Petitioner's Motion to Clarify Judgment and Sentence (ECF No. 23) should be granted in part and denied in part.

## II. Motions to Reduce Sentence

In his *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 24), Petitioner moves the Court to reduce his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines (hereinafter "USSG") to 195 months' imprisonment. Likewise, Petitioner's Motion to Reduce Sentence Pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2) (ECF No. 27)—filed on Petitioner's behalf by the Federal Public Defender—seeks the same relief, namely, that his sentence for count six be reduced from 150 to 135 months' imprisonment, for a total term of 195 months' imprisonment.

In the instant motions, Petitioner argues that the retroactive amendment to USSG § 2D1.1(c) reduces the base offense level in his PSR. Petitioner contends that upon applying the same enhancements and reductions as used in his PSR, his guideline range of imprisonment is 135 to 168 months' imprisonment under the revised guidelines.

Upon consideration and consultation with the probation office, the Court finds that Petitioner's arguments have merit. Accordingly, the Court finds that, under the amended Guidelines, Petitioner's guideline range as to count six is reduced to 135 to 168 months' imprisonment. The Court further finds, upon review of the record and considering all relevant factors, that a sentence of 135 months' imprisonment on count six is appropriate. Accordingly, Petitioner's motions to reduce his sentence (ECF Nos. 24, 27) should be granted. Petitioner's sentence on count six will be reduced from 150 months' imprisonment to 135 months' imprisonment.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Clarify Judgment and Sentence (ECF No. 23) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Furthermore, Petitioner's motions to reduce his sentence (ECF Nos. 24, 27) should be and hereby are **GRANTED**. An Amended Judgment shall issue in accordance with this order. The Amended Judgment shall reflect a sentence of 120 months' imprisonment on count one and 135 months' imprisonment on count six, with those sentences to run concurrently. Likewise, the Amended Judgment shall reflect a sentence of 60 months' imprisonment on count three to run consecutively to the sentences in counts one and six, for a total sentence of 195 months' imprisonment with credit for time already served in federal custody.

**IT IS SO ORDERED**, this 17th day of July, 2018.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge