UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                          RESPONDENT

vs.                                          Criminal No. 1:11-cr-10024

JETAVON E. SPIVEY                                                                                       MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Jetavon E. Spivey ("Spivey") who is proceeding *pro se.* On October 16, 2019, Spivey filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 31. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 35.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

**1.     Procedural Background**:

On June 29, 2011, Spivey was charged in a three-count Indictment issued by a Federal Grand Jury for the Western District of Arkansas. ECF No. 1. Spivey was also charged with two additional counts on November 2, 2011 in a Superseding Indictment. *See U.S. v. Spivey,* 1:11-cr-10040.

On December 9, 2011 Spivey pled guilty to Count One (knowingly possessing a stolen firearm); Count Three (using and possessing a firearm in the furtherance of a drug trafficking crime); and Count Six (possession with intent to distribute). ECF No. 15.

Count One provides as follows:

> On or about August 12, 2010, in the Western District of Arkansas, El Dorado Division, the defendant, **JETAVON E. SPIVEY**, knowingly possessed, bartered and sold a stolen firearm, specifically a Jimenez pistol, serial number 145925, which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18 U.S.C. §§ 922(j) and 924(a)(2).

ECF No. 1 at 1.

> Count Three provides as follows:
>
> On or about August 12, 2010, in the Western District of Arkansas, El Dorado Division, the defendant, **JETAVON E. SPIVEY**, did knowingly carry and use a firearm during and in relation to and possession in furtherance of, a drug trafficking crime, for which he may be prosecuted in a court of the United States, that is, distribution of a controlled substance, Hydrocodone, in violation of Title 17 U.S.C. § 924(c)(1)(A).

ECF No. 1 at 2.

> Count Six provides as follows:
>
> On or about September 9, 2011, in the Western District of Arkansas, El Dorado Division, the defendants, JOAQUIN JACKSON and JETAVON SPIVEY, aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly possess with intent to distribute more than 280 grams of cocaine base, commonly known as "crack cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), and Title 18 U.S.C. § 2.

*U.S. v. Spivey,* 1:11-cr-10040 (ECF No. 22 at 2-3).

On December 9, 2011, Spivey's Plea Agreement was submitted. ECF No. 16. A Presentence Investigation Report ("PSR") was prepared, and a final PSR was filed on July 19, 2012. ECF No. 18. In this PSR, Spivey was assigned a base level offense of 35 with a two-level increase for maintaining premises for the purpose of distributing a controlled substance. ECF No. 18 ¶¶ 33, 35. Spivey received a three-point reduction for acceptance of responsibility. *Id.* ¶¶ 40-41. This resulted in a total offense level of 34. *Id.* ¶ 42. Spivey was assigned a total criminal

history score of 3 and a criminal history category of II. *Id.* ¶¶ 54-55. Spivey's guideline term of imprisonment was found to be 168 to 210 months. *Id.* ¶ 80.

On July 19, 2012, Spivey appeared before the Honorable Judge Harry F. Barnes and was sentenced to 120 months on Count One; 60 months on Count Three; and 30 months on Count Six. The sentences for Counts One and Six were ordered to be served concurrently. The 60 month sentence for Count Three was ordered to be served consecutive to the other two counts, resulting in a total of 210 months imprisonment. ECF No. 19. The judgment was entered on July 19, 2012. *Id.* Thereafter, an amended judgment was entered correcting his sentence due to a clerical mistake. ECF No. 30. Spivey's sentence was reduced to 195 months imprisonment. *Id.*

On October 16, 2019, Spivey filed a *pro se* Motion for Relief under 28 U.S.C. § 2255. ECF No. 31. The Government responded to this Motion on December 17, 2019. ECF No. 35. In its response, the Government claims Spivey's Motion is barred because it was untimely filed. *Id.* Accordingly, the Government asserts that Spivey's Motion must be dismissed. *Id.*

**2.** **Applicable Law**:

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.     Discussion**:

The Government claims Spivey's Motion should be dismissed because it was untimely filed. Upon review, the Court agrees with the Government and finds Spivey's Motion should be dismissed because it was untimely filed.

**A.     One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction.

In the present action, Spivey's judgment became final on August 3, 2012, when 14 days passed without an appeal being filed. *See* FED. R. APP. P. 4(b)(1)(A) (indicating a defendant in a criminal case has 14 days to file a notice of appeal). Thus, Spivey had until August 3, 2013 to file a timely § 2255 motion. In the present action, Spivey filed his § 2255 Motion on October 16, 2019. ECF No. 31. On its face, this filing appears to be untimely.

Presumably, Spivey seeks to avoid the one-year statute of limitations on the basis of § 2255(f)(3) which states that the one-year limitations period for filing an initial § 2255 motion shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Here, Spivey's claims relate to the 2013 Supreme Court case *Alleyne v. United States,* 570 U.S. 99 (2013). *Alleyne* was decided over six years prior to the filing of the instant Motion. Further, *Alleyne* was not made specifically retroactive to cases on collateral review, such as the claim made here. Thus, Spivey has no basis for arguing this case was a recent

decision which provided him a basis for relief.  Therefore, AEDPA's one-year statute of limitation applies in this case, and Spivey's § 2255 Motion is untimely and should be dismissed. Accordingly, unless an exception to this statute of limitations applies, the Court lacks jurisdiction to consider the merits of his claims.

   **B.** **Tolling of the Statute of Limitations**

Spivey's claims are barred by the limitations period unless he can establish the period was tolled.  The Eighth Circuit Court of Appeals has found the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions but only where there are exceptional circumstances, such as the following:  (1) if there are "extraordinary circumstances" beyond a movant's control that would keep the movant from filing in a timely fashion; or (2) if the government's conduct "lulled" the movant into inaction through reliance on that conduct.  *United States v. Hernandez,* 436 F.3d 851, 858 (8th Cir. 2006).   Equitable tolling only applies when the circumstances that cause the delay in filing are external to the movant and not attributable to his or her actions.  *Id.*  The movant has the burden of establishing that equitable tolling should apply.  *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2015) (holding that a petitioner asserting a right to equitable tolling bears the burden of establishing both elements of the doctrine).

Here, Spivey has not demonstrated that equitable tolling should apply in his case.  Notably, he has not shown that any extraordinary and wholly external circumstances prevented him from seeking federal *habeas corpus* relief in a timely manner.

**4.** **<u>Conclusion</u>**:

Spivey's Motion is time-barred under the AEDPA one-year statute of limitations.  At the very latest, he was required to file his 28 U.S.C. § 2255 Motion by August 3, 2013.  Here, Spivey

waited until October 16, 2019 to file his 28 U.S.C. § 2255 Motion. Thus, this Court has no jurisdiction over this Motion.

5. **Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 31) be **DENIED** and dismissed with prejudice.[2] The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 18th day of March 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).