IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                    Case No. 1:11-cr-10024-001

JETAVON E. SPIVEY                                                                            DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jetavon Spivey ("Spivey") filed a *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) ("Motion") on March 11, 2024. ECF No. 43. Thereafter, Spivey was appointed counsel. ECF No. 45. The Government responded to the Motion on August 8, 2024. ECF No. 46. No reply has been filed.[1] This matter is now ripe for consideration.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court finds no evidentiary hearing is required.[2] The Court has reviewed the Motion and Response, and based upon that review, the Court recommends the Motion be **DENIED**.

**1.    Background**

On June 29, 2011, Spivey was named in three counts of a three-count Indictment filed in the Western District of Arkansas, El Dorado Division. ECF No. 1. On November 2, 2011, Spivey was named in three counts of a seven-count Superseding Indictment with a Forfeiture Allegation filed in this same court. ECF No. 22 (1:11-cr-10040-002). On December 9, 2011, Spivey appeared with appointed counsel and entered pleas of guilty to counts one and three of the Indictment in

---

[1] On June 6, 2024, counsel for Spivey filed a Notice of Intent Not to File Reply. ECF No. 47.
[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

1

Case No. 1:11-cr-10024-001 ("count one" and count three" respectively) and, likewise pleaded guilty to count six of the Superseding Indictment filed in Case No. 1:11-cr-10040-002 ("count six"). ECF No. 16.

Count one charged Spivey with violating 18 U.S.C. §§ 922(j) and 924(a)(2) by knowingly possessing a stolen firearm on August 12, 2010. Count three charged Spivey with violating 18 U.S.C. § 924(c)(1)(A) by carrying and use of a firearm in furtherance of a drug trafficking crime, also on August 12, 2010. Count six charged Spivey with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2 by aiding and abetting and possession with intent to distribute crack cocaine on September 9, 2011.

On December 9, 2011, Spivey appeared with appointed counsel in this Court and the parties submitted a written Plea Agreement which captured the above-referenced pleas and was signed by Government counsel, Spivey, and Spivey's attorney. ECF No. 16. A sentencing hearing was conducted on July 19, 2012, at the conclusion of which Spivey was sentenced to 210 months imprisonment as follows: 120 months on count one, 150 months on count six to run concurrently with count one, and 60 months on count three to run consecutively to the sentences imposed on counts one and six. ECF No. 29. On July 20, 2012, the Judgment was filed in this Court, correctly setting forth the sentences for counts one and three, but incorrectly stating a 30-month sentence had been imposed on count six. ECF No. 19.

On March 24, 2015, Spivey filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 of the United States Sentencing Guidelines. ECF No. 57 (1:11-10040-002). Counsel for Spivey requested a reduction in Spivey's sentence based on the reductions in base offense level set forth in Amendments 782 and 788 for drug offenses such as the one Spivey pled guilty to in count six of his plea agreement. This Motion was denied by the

Honorable P.K. Holmes III on June 10, 2015, who noted Spivey had already received a downward variance from the guideline range for his drug conviction and had thus been sentenced to the mandatory minimum, the lowest possible sentence for that offense. ECF No. 21. Spivey appealed this decision, but Judge Holmes' order denying the sentence reduction was affirmed by the Eighth Circuit Court of Appeals on February 1, 2016. ECF No. 72.

On May 10, 2017, Spivey filed his second Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2), (ECF No. 24), as well as a Motion to Clarify Judgment and Sentence. ECF No. 23. United States District Judge Harry F. Barnes granted Spivey's Motion to Clarify Judgment in part, noting the clerical error in the original Judgment which misstated Spivey's sentence. ECF No. 29. Spivey's second Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) sought a reduction on the same grounds as the first motion, and Judge Barnes granted that motion on July 17, 2018. ECF No. 29. Judge Barnes then ordered an Amended Judgment to be entered which reflected the correction of the clerical error and a reduction on Spivey's sentence for count six from 150 months to 135 months imprisonment. The Amended Judgment was entered on July 20, 2018. ECF No. 30.

On October 16, 2019, Spivey filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 31. In his motion, Spivey argued: 1) there was insufficient evidence to support his conviction for count three of the Indictment, the 924(c) offense, (*Id.* pp. 5, 8-11, 13, 15-18); 2) this Court improperly grouped his counts of conviction together to create a higher punishment range, (*Id.* pp. 6-7); 3) this Court incorrectly applied the United States Sentencing Guidelines, (*Id.* p. 7); and 4) his attorney provided ineffective assistance by allowing Spivey to plead guilty to the Section 924(c) offense. *Id.* pp. 11-12. The Government filed its Response to Spivey's motion on December 17, 2019, arguing Spivey's motion was untimely and

must be denied. ECF No. 35. This Court agreed, noting in its Report and Recommendation that Spivey only had until August 3, 2013, to file his motion under Section 2255, but he had not filed it until six years later. ECF No. 36. On April 7, 2020, an order was entered noting Spivey did not object to the Report and Recommendation, the time for doing so had passed, and adopting the recommendation that Spivey's motion under 2255 be denied and no certificate of appealability be issued. ECF No. 37.

On November 30, 2023, Spivey filed his third Motion for Reduction of Sentence under 18 U.S.C. § 3582. ECF No. 38. In this motion, Spivey argued his sentence was grossly disproportionate and facially unjust because if he were sentenced today, he would not have been convicted of the Section 924(c) charge from count three of his Indictment. *Id.* p. 1. Spivey argued since the United States Supreme Court handed down its decision in *United States v. Davis,* 588 U.S. 445 (2019), striking down the residual clause defining crimes of violence as vague, Spivey could not be guilty of his own Section 924(c) offense. ECF No. 38, pp. 2-3. Spivey also argued his sentence was unusually long, unjust considering the change in law the *Davis* case represented, and the factors under 18 U.S.C. § 3553(a) supported a reduction in his sentence. *Id.* pp. 3-4. On January 8, 2024, Chief United States District Judge Susan O. Hickey entered an order denying Spivey's motion. ECF No. 40.

**2.     SPIVEY'S MOTION TO REDUCE SENTENCE**

On March 11, 2024, Spivey filed his fourth motion for reduction in sentence under 18 U.S.C. § 3582. ECF No. 43. Spivey raises the following four grounds for relief in the instant Motion:

1) If he were sentenced today, he would not have been sentenced under 924(c) charge in count three of the Indictment because he is not guilty of that crime (*Id.* pp. 4-5);

2) His sentence under 924(c) was grossly disproportionate and facially unjust, and constitutes an extraordinary and compelling circumstance for a reduction in sentence (*Id.* pp. 5-6);

3) Because he received an unusually long sentence, and has served at least ten years of the term of imprisonment, and where there has been a retroactive change in the law, or the Guidelines manual, there exists a gross disparity between the sentence being served and the sentence likely to be imposed at the time this motion is filed (*Id.* p. 6); and

4) He requests a reduction in sentence based on his extensive rehabilitation. (*Id.* pp. 6-7).

The Government argues: 1) Spivey's claim based on insufficient evidence is procedurally barred and can't be raised by a request for compassionate release; 2) his sentence for § 924(c) conviction was mandated by law, set forth in a signed plea agreement, pronounced in open court at the sentencing hearing, and is not grossly disproportionate nor facially unjust; 3) his sentence is not unusually long and not grossly disparate from a sentence he would receive today; and 4) his efforts at rehabilitation cannot be considered by this Court as extraordinary and compelling reasons to support a reduction in sentence. ECF No. 46.

**3.    APPLICABLE LAW**

"Relief available under 18 U.S.C. § 3582(c)(1)(A) is sometimes described informally as 'compassionate release.'" *United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022). A district court may reduce a defendant's sentence after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.,* quoting 18 U.S.C. § 3582(c)(1)(A). The burden to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016). In addition, the Eighth Circuit Court of Appeals affirmed a district court's

holding that it was "highly skeptical of expanding the compassionate release system into, essentially, a discretionary parole system." *Crandall,* 25 F.4th at 584.

**4.  DISCUSSION**

**A. Ground One – Insufficient Evidence**

Spivey argues if he were sentenced today, he would not have been sentenced under § 924(c). ECF No. 43, p. 1. He explains he was not actually in possession of the gun he was charged with possessing, and the government knew this but still made Spivey plead to the § 934 (c) charge. *Id.* pp. 3, 5. Spivey then states, "if he were to be sentenced today, it would likely include a firearm enhancement but no[t] a conviction under 924(c)." *Id.* p. 5. Spivey refers to his conviction under § 924(c) as "extraordinarily tenuous" and claims the district court knew it and tried to mitigate the harm by reducing Spivey's sentence on the other charges, and the government "conceded that 924(c) may not have been the appropriate charge in his case" and also tried to mitigate the harm by reducing his sentence on the other charges. *Id.* p. 8.

Here, Spivey's recitation of the facts is not accurate, and his claim he is not guilty of the § 924(c) offense or the government did not present sufficient evidence to convict him of that offense is procedurally defaulted. A defendant who pleads guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 56-57 (1985). "A guilty plea constitutes a waiver of constitutional rights and must be both knowing and voluntary." *Gray v. United States,* 833 F.3d 919, 923 (8th Cir. 2016). Prejudice in this context requires the petitioner to show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59.

Spivey was represented by counsel during his guilty plea in 2011 and signed a Plea Agreement along with his attorney indicating that he understood and freely, voluntarily and without reservation entered into the plea on December 9, 2011. ECF No. 16, p. 13. The Plea Agreement sets forth the factual basis for each charge of conviction, including count three, (*Id.,* pp. 3-4), as well as the range of punishment for each count, including the mandatory minimum sentence for count three which was to run consecutively to the other counts. *Id.* p. 8. Spivey not only signed this document along with his attorney but reiterated his understanding of the charges to which he pled guilty during his sentencing hearing on July 19, 2012, and was present in open court during the parties' discussion of his sentence. ECF No. 25.

Spivey did not seek to withdraw his guilty plea pursuant to the Rules of Criminal Procedure, did not seek to attack his guilty plea on direct appeal, and even in his untimely motion for post-conviction relief, has never alleged there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Thus, he has never alleged his plea was anything but knowing and voluntary. Spivey first mentioned this argument in his untimely motion to vacate his sentence under 2255 on October 16, 2019, over seven years after sentencing. ECF No. 31. Even then, Spivey did not argue that but for counsel's errors he would not have pled guilty and would have insisted on going to trial, he just argued then as he does now that he is not guilty of the offense, and he should have received a lower sentence.

Moreover, Spivey's challenge to the sufficiency of the evidence supporting his § 924(c) conviction is a challenge to his sentence. "A federal inmate generally must challenge a sentence through a § 2255 motion, [ ] and a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion." *United States v. Fine,* 982 F.3d 1117, 1118 (8th Cir. 2020) (cleaned up). Spivey's challenge to his guilty plea was

available to him at sentencing, during the timeframe for direct appeal, and during the timeframe for filing his § 2255 motion. Because he did not raise this argument properly utilizing those avenues, he is barred from raising it now. Spivey failed to file his original § 2255 motion within the timeframe allowed and has not sought authorization to file a successive motion as required by 28 U.S.C. § 2255(h). The compassionate release motion he has filed here should be treated as an unauthorized successive motion to vacate, set aside, or correct a sentence. *Id.,* 1118-19.

Because Spivey entered his plea of guilty to the 18 U.S.C. § 924(c) count over twelve years ago and has never attacked the knowing and voluntary nature of the plea agreement, he is procedurally barred from now raising the sufficiency of the evidence supporting that count. His statements that he would not be sentenced under that statute today are simply conclusory and are not supported by any fact or law.

**B. Ground 2 – Grossly Disproportionate and Facially Unjust**

Next, Spivey argues a § 924(c) conviction is "a per[]ilous conviction for a defendant in federal custody as it precludes inmates from receiving reduced sentences through the completion of the intensive drug treatment program and it prevents inmates from receiving earned credits through the First Step Act towards earlier release. ECF No. 43, p. 5. Spivey states his sentence would have terminated years ago if not for the § 924(c) conviction. *Id.* p. 6. Spivey concludes he "has shown that his sentence under 924(c) was grossly disproportionate and facially unjust, a disparity which constitutes an extraordinary and compelling reason for a sentence reduction in this particular case." *Id.* The Court finds this statement is conclusory without any evidence to support it.

Spivey also claims the district court "was under the impression that the defendant was a suitable candidate for the Bureau [of Prison]'s 500 hour intensive drug rehabilitation course" for

which he could have had his sentence reduced upon successful completion. Spivey argues that if the district court had realized the § 924(c) conviction would preclude him from participating in that program, it "would have likely imposed a different sentence." *Id.* pp. 7-8. Additionally, Spivey argues "a gross sentencing disparity occurred nonetheless where the defendant's 924(c) prohibits the defendant from receiving earned time credits under the First Step Act of 2018." *Id.* p. 8. Spivey states if the district court had been aware of these facts, it would have likely imposed a different sentence. *Id.*

Again, there is no support for Spivey's conjecture that the court would have imposed a different sentence, particularly when the district court sentenced Spivey in accordance with his plea agreement and with the sentence which was agreed to by the parties. ECF No. 25, p. 15. At sentencing, the district court commented that it would recommend that Spivey was a candidate for intensive drug treatment, that there was a "possibility" the drug treatment could take time off his sentence, and it would also recommend where Spivey was to be housed but could not order that. ECF No. 25., p. 21. The court was correct in its assessment that Spivey was a candidate for drug treatment and correct that there existed the possibility for time off Spivey's sentence. However, neither of those statements are indications that the court would have sentenced Spivey differently if it had been aware the § 924(c) conviction would prevent a reduction in sentence.

**C.  Ground Three – Unusually Long Sentence and Gross Disparity**

Spivey argues his 210-month sentence, which is actually 195 months, as amended in 2018, is "an unusually long sentence," and a gross disparity exists between the sentence he received 12 years ago and the sentence he would receive today. In support of that argument, he simply claims he has "shown" it to be true – presumably because of his earlier argument if he were sentenced today he would not have pled guilty to the § 924(c) offense. ECF No. 43, p. 6.

Section 1B1.13(b)(6) of the United States Sentencing Guidelines provides if a defendant received an unusually long sentence and has served at least ten years of that term of imprisonment, a change in law may be considered in determining whether the defendant presents an extraordinary and compelling reason for a reduction. Only where such a change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances, would such a motion be granted. *Id.* Accordingly, the questions in Spivey's case are whether he has shown a change in law which produces a gross disparity between the sentence he is currently serving and the sentence he likely would have received if he were sentenced today, whether his individual circumstances support relief, and whether his 195-month sentence is unusually long. *Id.*

First, Spivey fails to show any change in the law at all. Instead, he argues he was not guilty of the § 924(c) violation. His sentence was shortened from 210 months to 195 months pursuant to a change in the law in 2018 because of the two-step decrease in guideline range for his drug conviction. There has been no other change in the law applicable to Spivey's convictions, and he does not argue there has been any change. He argues the government failed to prove the § 924(c) conviction to which he pled guilty and therefore if he were sentenced today, he would not have received the mandatory consecutive sentence for that offense. As previously stated, this argument is without merit and cannot be raised in a motion for compassionate release.

In determining whether Spivey's 195-month sentence is "grossly disparate" from a sentence which would be imposed today, this Court would compare the mandatory minimum he would face today with the mandatory minimum he faced when he was sentenced. *See, e.g., United States v. Baylor,* 2024 WL 3093573, at *10-11 (E.D. Va. June 20, 2024). In Spivey's case, other than the two-step decrease for which his sentence has already been reduced, neither of those

numbers has changed. Therefore, he would receive the same mandatory minimum sentence and the same guideline range if he was sentenced for the § 924(c) offense today.

### D. Ground Four – Rehabilitation Efforts

Finally, Spivey states "in combination" with his other arguments in favor of a sentence reduction, he is eligible for a reduction in sentence based on his extensive efforts at rehabilitation in the Bureau of Prisons. However, as stated above, the Court has found that Spivey's previous arguments for relief are without merit. Spivey points out that he completed the Bureau of Prison's drug education course in 2013, and has completed at least twenty-two additional educational, vocational, social, psychological and life-skills programs over the years he has been incarcerated. ECF No. 43, p. 7. Spivey says he is currently enrolled in the Bureau's intensive 40-hour drug education course and has an overall record of good conduct and general compliance with BOP policies.

"Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Fine,* 982 F.3d at 1119, quoting 28 U.S.C. § 994(t). Section 994(t) singles out rehabilitation as the only circumstance that is not "extraordinary and compelling." While the Eighth Circuit Court of Appeals has repeatedly praised inmates' efforts at rehabilitation, "[p]risoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary." *United States v. Logan,* 532 F. Supp. 3d 725, 735 (D.C. D. Minn. 2021) (emphasis in original). *See also United States v. Loggins,* 966 F.3d 891, 893 (8th Cir. 2020) (affirming district court's decision that commended defendant for positive accomplishments while incarcerated, found that those accomplishments did not amount to extraordinary or compelling reasons warranting a reduction). The *Logan* Court explained that truly extraordinary

11

instances of rehabilitation can occur, such as a defendant who risks his life to help another inmate or correction officer in need of assistance, but simply doing the things an inmate is expected to do does not equate to "extraordinary and compelling" circumstances. *Id.*

Accordingly, Spivey is not entitled to a reduction in his sentence based on his rehabilitation efforts.

**7.    Recommendation**

Based on the foregoing, the Court recommends Spivey's Motion to Reduce Sentence (ECF No. 43) be **DENIED.** To the extent any portion of the Motion to Reduce Sentence is properly considered a subsequent Motion pursuant 28 U.S.C. § 2255, the Court further recommends no Certificate of Appealability issue in this matter.[3]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **3rd day of September 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[3] A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke,* 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012). Spivey has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings.